## STATE BOARD OF TAX COMMISSIONERS, Appellant,

v.

## L.H. CARBIDE CORPORATION, Appellee.

No. 49S00–9806–TA–326.

Supreme Court of Indiana.

Dec. 7, 1998.

As Modified Feb. 5, 1999.

David L. Pippen, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Vincent S. Mirkov, Angela Mansfield, Deputy Attorneys General, Indianapolis, for Appellee.

### ON PETITION FOR INTERLOCUTORY APPEAL

BOEHM, Justice.

This case raises essentially the same issue as *State Bd. of Tax Comm'rs v. Mixmill Mfg. Co.*, 702 N.E.2d 701 (Ind.1998), also decided today, with one additional twist. The issue in this case is whether the Tax Court has jurisdiction to hear a direct appeal from a taxpayer against the State Board of Tax Commissioners when the County Board of Review fails to act on a Petition for Correction of Errors, as opposed to the Petition for Review of Assessment involved in *Mixmill.*

We conclude that the Tax Court does not have jurisdiction over the appeal in these circumstances. However, a court of general jurisdiction does have jurisdiction to compel the County Board of Review to act in a mandamus action.

In this case, L.H. Carbide Corporation ("L.H.Carbide") filed a Form 133, Petition for Correction of Errors ("Petition for Correction") for the tax years 1989, 1990, and 1991 with the County Auditor in January, 1992. This is an alternative route to the Petition for Review filed by the taxpayer in *Mixmill,* 702 N.E.2d at 703–704 (Ind.1998). No action was taken on Carbide's petition by the County Board of Review, and the State Board never received it. On January 6, 1997, L.H. Carbide filed an original tax appeal in the Tax Court against the State Board asking for all proper relief. The State Board moved to dismiss Carbide's appeal for lack of jurisdiction. The Tax Court denied the motion and ordered that the Petition for Correction be refiled with the County Auditor for action. The Tax Court ordered the State Board "to use its good offices to induce [the County] to act" if the County had not done so within 90 days of Carbide's resubmission of the Petition for Correction. The State Board sought interlocutory appeal of the Tax Court's order and the Tax Court certified the order pursuant to Appellate Rules 18(C) and 4(B)(6).

Both this taxpayer and Mixmill sought to appeal to the Tax Court based on a failure of the County Board of Review to act. The analysis and result is the same here as in *Mixmill,* except that, unlike Mixmill's Petition for Review that is subject to time limitations for County action, Petitions for Correction are subject to no time limitations for County action at all. *See* IND.CODE § 6–1.1–15–12 (1988).[1]

■ Under these circumstances, the law implies a duty to act in a reasonable time. *MHC Surgical Ctr. Assocs., Inc. v. Office of Medicaid Policy & Planning,* 699 N.E.2d 306, 309 (Ind.Ct.App.1998); *Indiana Civil Rights Comm'n v. Indiana Dep't of Aging &* *Community Servs.,* 529 N.E.2d 872, 876 (Ind. Ct.App.1988). Whatever a reasonable time means, it is surely not five years. Accordingly, L.H. Carbide is entitled to seek mandamus. As in *Mixmill,* we would hope that county officials will not put the taxpayer or themselves to the expense of such a proceeding. We also would find it helpful if the General Assembly would prescribe precise time limits for county action, to make clear when a duty to act has been breached and mandamus is appropriate, rather than leaving this to case-by-case development.

### Conclusion

■ When a County Board of Review fails to act within a reasonable time frame on a taxpayer's Petition for Correction, the taxpayer may bring a mandamus action in a court of general jurisdiction against the county officials. The Tax Court does not have jurisdiction over a direct appeal in these circumstances. This case is remanded to the Tax Court with direction to grant the State Board's motion to dismiss for lack of jurisdiction.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**1.** The current code provisions for Petitions for Correction are unchanged in this respect. *See*   IND.CODE § 6–1.1–15–12 (1998).