STATE BOARD OF TAX
COMMISSIONERS,
Appellant,

v.

MIXMILL MANUFACTURING
CO., Appellee.

No. 49S00–9805–TA–308.

Supreme Court of Indiana.

Dec. 7, 1998.

As Modified Feb. 5, 1999.

David L. Pippen, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Vincent S. Mirkov, Angela Mansfield, Deputy Attorneys General, Indianapolis, for Appellee.

## ON PETITION FOR INTERLOCUTORY APPEAL

BOEHM, Justice.

This is an interlocutory appeal from a ruling of the Tax Court. The taxpayer filed a Petition for Review of Assessment seeking to challenge its property tax assessment. The issue presented is whether the Tax Court has jurisdiction even though the County Board of Review failed to act on the petition and the State Board of Tax Commissioners never received it. We reverse the Indiana Tax Court's finding that it had jurisdiction over the appeal, but conclude that a court of general jurisdiction could entertain a mandamus action to compel the County Board to act.

### Factual and Procedural Background

In September, 1992,[1] Mixmill Manufacturing Company ("Mixmill") challenged the 1991 reassessment of its personal property by filing a Form 131, Petition for Review of Assessment ("Petition for Review") with the Wells County Auditor. In the ensuing half decade Mixmill heard nothing from the Wells County Board of Review or from the State Board of Tax Commissioners. In January, 1997, Mixmill filed an original appeal in the Tax Court asking for all proper relief under the Petition for Review.[2] The State Board moved to dismiss Mixmill's appeal for lack of jurisdiction. The State Board argued in part that the Tax Court lacked jurisdiction because the State Board never received the taxpayer's Petition for Review and never issued a final determination. The Tax Court entered an order denying the State Board's motion to dismiss and subsequently granted leave to file an interlocutory appeal of that order. This Court accepted the interlocutory appeal on May 22, 1998.

### Jurisdiction of the Tax Court

■ The Tax Court is a court of limited jurisdiction. Pursuant to Indiana Code § 33–3–5–2(a) (1998), it has exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal of a "final determination made by" the State Board. Jurisdiction to hear other cases must be granted by statute. *Id.* § 33–3–5–2(b). The legislature has been quite explicit in providing that "[i]f a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." *Id.* § 33–3–5–11(a).

It is clear that the enabling statute for the Tax Court imposes two jurisdictional requirements: (1) the case must arise under the tax laws of Indiana; and (2) the case must be an initial appeal of a final determination made by the appropriate agency, which is the State Board in this case dealing with property taxes. In the past, this Court has construed the Tax Court's "arising under" jurisdiction broadly. *See State v. Sproles,* 672 N.E.2d 1353, 1357 (Ind.1996). In the present case, the parties do not dispute that the case arises under the Indiana tax laws. Nor do the parties contend that another statute confers jurisdiction upon the Tax Court or any other court. Rather the dispute focuses on the requirement that the case be an initial appeal of a "final determination" of the State Board. Specifically, the issue is what constitutes a final determination of the State Board for purposes of appeal to the Tax Court when

---

1. Although Mixmill's Brief in Opposition to the State Board's motion to dismiss refers to September 17, 1992 as the correct filing date and mentions a file stamped copy of a letter that says that Wells County received the Petition for Review on this date, no such letter appears in the record. Further, the Tax Court states that the date of filing was September 8, 1992 according to the file stamped copy of a letter from Wells County. The actual date of filing is not dispositive for the purposes of this interlocutory appeal.

2. Mixmill also petitioned the Tax Court for review of the State Board's final determination of the taxes owed on Mixmill's property for the tax years 1989 and 1990. The State Board's final determination was made upon Mixmill's proper filing of a Form 133, Petition for Correction of Errors ("Petition for Correction") with the County. The State Board does not question Mixmill's appeal to the Tax Court of this final determination in this appeal.

the State Board never receives the taxpayer's petition because the County Board of Review has never acted on the petition or forwarded it to the State Board.

Mixmill notes that no provision of the tax code provides an explicit method for obtaining review of administrative determinations if a County fails to act. Mixmill understandably contends that at some point, now long past, the County's failure to act is the equivalent of a denial of administrative relief. Otherwise stated, Mixmill argues that the County's failure to act deprives it of its right to review of the initial administrative determinations and its only remedy is to proceed to the Tax Court without prior administrative review.

Two questions emerge from the arguments presented: (1) whether the legislature intended to permit taxpayers to appeal to the Tax Court if the County does not act before the next reassessment; and (2) whether an omission of clear guidelines for County action effectively denies a taxpayer's right to review of an administrative determination to the extent that the scheme raises constitutional issues, or requires judicial surgery. The answers to these questions must start with the statutory scheme provided by the legislature for taxpayer appeals.

### A. The statutory scheme

The legislature has provided the following scheme for a taxpayer to seek review of assessments. A Petition for Review, such as Mixmill filed with the Wells County Board of Review, is one course to challenge an assessment. If that is done the County Board of Review is to conduct a hearing on a properly submitted petition. The hearing is to take place "either in the year in which the petition is filed or in the following year." IND.CODE § 6–1.1–15–2.1(a) (1998); see also id. § 6–

1.1–15–1(g) (1998), introducing additional procedures effective January 1, 1999. The taxpayer may appeal the County Board of Review determination by filing with the County Auditor a "[P]etition for [R]eview" by the State Board. Id. § 6–1.1–15–3(c). The County Auditor is to forward that petition to the State Board for its determination. Id. § 6–1.1–15–3(e). The State Board is required to "conduct a hearing and make a final determination" within twelve (12) months of receiving the petition (or 24 months if in the year of reassessment). Id. § 6–1.1–15–4(a), (e). If the State Board fails to act within this statutory period, the taxpayer may appeal to the Tax Court "as if the state board had made a final determination affirming the county board of review's action with respect to the assessment." See IND. CODE § 6–1.1–15–4(e) (1988).[3]

As an alternative to a Petition for Review some challenges to an assessment may be raised by filing a Petition for Correction of Errors with the County Auditor. Id. § 6–1.1–15–12. The auditor is authorized to resolve some issues, for example mathematical errors. See id. § 6–1.1–15–12(b). However, a Petition for Correction of Errors may, under some circumstances, require State Board approval or an order by the Tax Court, see id. § 6–1.1–15–12(c), or action by three county officials. See id. § 6–1.1–15–12(d).[4] State Bd. of Tax Comm'rs v. L.H. Carbide Corp., 702 N.E.2d 706 (Ind.1998), also decided today, deals with the same issue in that procedural posture.

■ The statutory scheme clearly provides for the State Board to rule on either a Petition for Review or a Petition for Correction before the issue is submitted to the Tax Court. In only one circumstance—failure of the State Board to provide a hearing and

---

3. Because Mixmill filed its Petition in 1992, we refer to the code provisions applicable at that time. The current version of that section provides for appeal to the Tax Court, however, the Tax Court has discretion to accept or deny the appeal. IND.CODE § 6–1.1–15–4(f) (1998). If an appeal is denied, the State Board must hold a hearing within twelve months of the denial. Id. This provision has been further modified by the legislature and provides that a hearing must be held by the division of appeals of the State Board

within six months of the appeal or subject to the State Board's action under § 6–1.1–15–4(g), it is deemed a final determination of the State Board denying the petition. Id. § 6–1.1–15–4(e) (1998, eff. Jan. 1, 1999).

4. The newly enacted version of this provisions effective January 1, 1999, allows two county officials to make approvals under Indiana Code § 6–1.1–15–12(d).

rule within the prescribed time frame [5]—may a taxpayer bring an appeal directly to the Tax Court after County action.

■ Although the statutes specifically address the appropriate next step for the taxpayer if the State Board fails to act timely, they do not spell out what happens if the County does nothing. Indeed, there is a deafening statutory silence on this point. However, as the State Board points out, the legislature did provide that the County Board of Review has a duty to conduct a hearing and rule on a properly submitted Petition for Review within prescribed time frames. Unfortunately, the statute includes no analog at the County level to the provisions governing default by the State Board. It says nothing about the remedy for the circumstance that gives rise to this case: failure by the County to act on the petition in the prescribed time frame.

For this reason Mixmill's reliance on *Bielski v. Zorn*, 627 N.E.2d 880 (Ind.Tax 1994), is misplaced. Mixmill contends that *Bielski* "affirmed the State Board's obligation to review assessments and affirmed the taxpayer's right to review of administrative actions" and that "the Tax Court found it had jurisdiction to review the matter" because the State Board never reviewed the Petition it received and a "breakdown in procedure [would] foreclose the taxpayer's right to review." Brief of Appellee at 7 (citing *Bielski*, 627 N.E.2d at 886). However, in *Bielski* the County Board had acted, the petition was properly lodged with the State Board, and the State Board's delay triggered the Tax Court's jurisdiction by the terms of the statute. Accordingly, the Tax Court's jurisdiction was conferred by the provision that is absent in the statutory framework applicable to defaults by the County Board of Review. *See* IND.CODE § 6-1.1-15-4(e).

We do not find anything in the statutes implying a legislative desire to permit circumvention of the administrative process. To the contrary, the legislature provided that

only final determinations (or failures to act timely) by the State Board are appealable to the Tax Court. To reinforce this requirement, the legislature specifically provided that: "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." IND. CODE § 33-3-5-11(a) (1998)

■ In view of the explicit language of these provisions, we can only conclude that the legislature intended to require the taxpayer to follow all statutory procedures for review before going to the Tax Court. This is not an irrational requirement. Administrative agencies have technical expertise in areas that the courts do not. For often recited reasons, in nearly all circumstances their rulings are required before resort to a court is available. *See Sproles*, 672 N.E.2d at 1358.

■ Mixmill, understandably frustrated by this impasse, contends that the net result of this arrangement is to remit it to an endless loop that denies it any remedy whatever. The State Board responds that a remedy lies in mandamus, correctly pointing out that the County Board of Review has a duty to act on the Petition, and even a duty within a specified time in the case of Petitions for Review. As the Court of Appeals recently held in another context, failure of an administrative agency to act can confer jurisdiction on the trial court to order the agency to act, but not to direct any portended result of that action. *MHC Surgical Ctr. Assocs., Inc. v. Office of Medicaid Policy & Planning*, 699 N.E.2d 306 (Ind.Ct.App.1998); *see also Indiana State Highway Comm'n v. Zehner*, 174 Ind.App. 176, 366 N.E.2d 697 (1977). Although the duty to act on a Petition is imposed by the tax laws of this state, and that duty arises under the tax laws, any suit to enforce it must nonetheless be brought in a court of general jurisdiction because it does not meet the second "final determination" requirement of the Tax Court's jurisdiction. The proper party, moreover, is not the State Board but the county officials who are

---

5. In the current version of Indiana Code § 6-1.1-15-4 the right of the taxpayer to appeal to the Tax Court if the State Board fails to act is not absolute. Rather, the Tax Court is given discretion to grant or deny review in those circum-

stances. *See* IND CODE § 6-1.1-15-4(f) (1998). When the court denies review, the statute imposes a duty on the State Board to conduct a hearing within twelve months of the denial. *Id.*

charged to be in default of that duty. The State Board never made the requisite final determination on Mixmill's petition, not because the State Board failed to act on it, but because the State Board never received the petition. As a result the clock the legislature placed on the State Board to act never started ticking and cannot trigger Tax Court jurisdiction.

We understand Mixmill's frustration with a system that does not readily define a time frame for moving onto the next step of the review process. We hope that the county officials will not put Mixmill and themselves to the expense of a mandamus action. However, this Court cannot fill gaps in a statutory scheme designed by the legislature. *Grody v. State*, 257 Ind. 651, 659–60, 278 N.E.2d 280, 285 (1972).

### B. Right to review of administrative determinations

Mixmill contends that denial of jurisdiction in the Tax Court would deprive it of its constitutional right to review of administrative procedures. The Tax Court agreed that under the statutes, inaction by a County could effectively eliminate a taxpayer's ability to get review of administrative tax determinations. Although neither Mixmill nor the Tax Court cites a specific provision of the Indiana Constitution supporting a right to review, Mixmill points to *Bielski*. In *Bielski*, 627 N.E.2d at 886, the Tax Court cited *State ex rel. State Bd. Of Tax Comm'rs v. Marion Superior Court*, 271 Ind. 374, 378, 392 N.E.2d 1161, 1165 (1979), for the proposition that "in Indiana, there is a constitutional right to review of administrative actions." That case in turn drew this proposition from *Warren v. Indiana Telephone Co.*, 217 Ind. 93, 26 N.E.2d 399 (1940). In *Warren*, this Court determined "that the orders of an administrative body are subject to judicial review; and that they must be so to meet the requirements of due process." 217 Ind. at 105, 26 N.E.2d at 404. Although referring to "due process," a term from the federal constitution, it is clear that the *Warren* opinion was grounded in Article I, § 12 of the Indiana Constitution, which provides: "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law."

The statutes involved in this case provide for review. The problem is that the County officials have not yet taken the action, as they are required to do by statute, to permit full review. As we held in *Clifft v. Indiana Dep't of State Revenue*, dealing with a contention of undue delay under the Due Process Clause of the U.S. Constitution's Fourteenth Amendment: "[W]here property rights are involved, mere postponement of the opportunity to be heard is not a denial of due process if the opportunity ultimately given is adequate." 660 N.E.2d 310, 318 (Ind. 1995) (citing *Commissioner v. Shapiro*, 424 U.S. 614, 631–32, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976)). We are not presented with a deprivation of property without any remedy. *Cf. Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (the state's dismissal of an employee's timely filed claim because the Commission failed to hold a hearing within the statutory time frame was unconstitutional because the dismissal, without an alternative remedy, deprived the employee of property in violation of the Fourteenth Amendment's Due Process Clause); *Brinkerhoff–Faris Trust & Savings Co. v. Hill*, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930) (a state court's order that a taxpayer first seek an administrative remedy, when in fact none was available, violated the Fourteenth Amendment). Rather, this case presents delays in processing that presumably are the product of the legislature's decision to require administrative review and the county's level of service in fulfilling that obligation. There is no reason to believe that relief, although delayed, is not wholly obtainable. The remedy of mandamus, although cumbersome, is available to the taxpayers unwilling to wait in line. That is enough to render the statutory scheme constitutional, if unwieldy. The General Assembly may wish to address Mixmill's very legitimate concerns. However, this Court cannot legislate a remedy for an awkward but nonetheless constitutional method of reviewing taxpayer protests.

### Conclusion

The Tax Court does not have jurisdiction to hear a direct appeal by a taxpayer against the State Board of Tax Commissioners when a County Board of Review fails to act on a Petition for Review of Assessment within the statutory time frame. A court of general jurisdiction may entertain a mandamus action by the taxpayer to compel the County Board to act. Accordingly, this case is remanded to the Tax Court with direction to grant the State Board's motion to dismiss for lack of jurisdiction.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.