John S. MATONOVICH, personally and as North Township Assessor, Booker Blumenberg, personally and as Calumet Township Assessor, and Hank Adams, personally and as St. John Township Assessor, Petitioners,

v.

STATE BOARD OF TAX COMMISSIONERS, Respondent.

No. 49T10–9809–TA–00111

· Tax Court of Indiana.

Feb. 15, 1999.

---

Kathryn D. Schmidt, Joseph E. Costanza, Kevin E. Steele, Burke Costanza & Cuppy, Merrillville, Indiana, Attorneys for Petitioners.

Jeffrey A. Modisett, Attorney General of Indiana, Indianapolis, Indiana, Angela L. Mansfield, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

John S. Matonovich and other Lake County township assessors (hereinafter referred to collectively as Petitioners) have filed an original tax appeal challenging portions of an order of the State Board of Tax Commission-

ers (State Board) requiring a reassessment of all real property in Lake County.[1]

## BACKGROUND

A division of the State Board, the Division of Tax Review[2] studied the need to reassess real property in Lake County. In its study, the Division of Tax Review concluded that there was a need to conduct a reassessment of all real property in Lake County due to an endemic problem with the uniformity of assessments within classes of property. *See* IND. CONST. art. X, § 1. On April 1, 1998, in response to the study, the State Board issued a Reassessment Resolution and Order. In the Reassessment Resolution and Order, the State Board found sufficient cause to hold hearings regarding the reassessment of all real property in Lake County.[3] On May 19 and 20, 1998, the State Board conducted those hearings.

On August 14, 1998, after considering the evidence presented at the hearings as well as supplemental evidence, the State Board ordered the reassessment of all real property in Lake County as of March 1, 2000 pursuant to the State Board's authority under section 6-1.1-4-9. In its order, the State Board stated that it would hire a contractor to conduct and oversee the reassessment. (State Bd. Ord. ¶¶ 53–54). The contractor would be paid out of the Lake County Reassessment Fund.[4] In addition, the State Board ordered Lake County assessing officials to submit a statement detailing what assistance they could make available to the contractor hired by the State Board. (State Bd. Ord. ¶ 53).

On September 11, 1998, the Petitioners filed this original tax appeal. On October 22, 1998, after hearing the arguments of counsel, the Court enjoined the State Board from contracting with any entity for purposes of allowing that entity to conduct the Lake County reassessment. On November 25, 1998, the Petitioners filed a motion for summary judgment. In its response, the State Board asked the Court to grant summary judgment in its favor.[5] On January 26, 1999, the Court heard the arguments of counsel on the Petitioners' motion, and the Court now issues its decision. Additional information will be supplied as necessary.

## ANALYSIS AND OPINION

### Jurisdiction

Although neither party raises the issue of this Court's subject matter jurisdiction, the Court will do so sua sponte. *See City Securities Corp. v. Department of State Revenue,* 704 N.E.2d 1122, 1125 (Ind. Tax Ct.1998). Nowhere in the statutory provisions governing reassessment orders is there any mention of judicial review procedures or remedies available to aggrieved parties. However, under IND.CODE § 33–3–5–2 (1998), the Court has jurisdiction over initial appeals of final determinations of the State Board. *See Miller v. Gibson County Solid Waste Management Dist.,* 622 N.E.2d 248, 249 (Ind. Tax Ct.1993). The reassessment order at issue in this case constitutes a State Board final determination for purposes of section 33–3–5–2, thereby making judicial review of the State Board's reassessment order available to the Petitioners. *See Bowman v. State Bd. of Nursing,* 663 N.E.2d 1217, 1219 (Ind.Ct.App.1996); *see also Mills v. State Bd. of Tax Comm'rs,* 639 N.E.2d 698, 701 (Ind. Tax Ct.1994); *Johnson County Plan Comm'n v. Ramshead Corp.,* 463 N.E.2d 295, 299–300 (Ind.Ct.App.1984). Consequently, this Court has jurisdiction over the Petitioners' claims.

### Standard of Review

The State Board is afforded great deference when it acts within the scope of its

---

1. *See* IND.CODE § 6–1.1–4–9 (1998).

2. *See* IND.CODE § 6–1.1–33–1 (1998).

3. *See* IND.CODE § 6–1.1–4–10 (1998).

4. *See* IND.CODE § 6–1.1–4–29 (1998).

5. The State Board did not file an actual motion for summary judgment. However, when one party files a motion for summary judgment, the Court may grant summary judgment to any party "upon the issues raised by the motion although no motion for summary judgment is filed by such party." IND. T.R. 56(B). Accordingly, the State Board's summary judgment request will be treated as a motion for summary judgment.

authority. Accordingly, the Court reverses State Board final determinations only when those determinations are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *See Clark v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

■ Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* IND. T.R. 56(C); *Dana Corp. v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1244, 1246 (Ind. Tax Ct.1998). Cross motions for summary judgment do not alter this standard. *See Hyatt Corp. v. Department of State Revenue,* 695 N.E.2d 1051, 1052–53 (Ind. Tax Ct.1998), *review denied.* The summary judgment procedure is designed to terminate cases in which there can be no factual dispute and that may be decided as a matter of law. *See Mayfield v. Continental Rehabilitation Hosp.,* 690 N.E.2d 738, 740 (Ind.Ct.App.1998), *trans. denied.* Questions of statutory construction are particularly amenable to resolution by summary judgment. *See State Teachers Ass'n v. Board of Sch. Comm'rs,* 693 N.E.2d 972, 974 (Ind.Ct.App.1998).

## Discussion

In their summary judgment motion, the Petitioners do not challenge the State Board's authority to order a county-wide reassessment under section 6–1.1–4–9. Instead, the Petitioners maintain that portions of the reassessment order are invalid because the reassessment order unlawfully infringes upon the Petitioners' authority to conduct that reassessment. Specifically, the Petitioners contend that the State Board has no authority to conduct the reassessment it has ordered and therefore has no authority to hire a contractor to do so on its behalf. The Petitioners also contend that although the State Board has the authority to oversee the reassessment, it does not have the au-

thority to employ contractors to do so on its behalf.[6] Both contentions will be addressed in turn.

■ It is axiomatic that as a creature of the Legislature the State Board only has those powers granted by statute. *See State Bd. of Pub. Welfare v. Tioga Pines Living Ctr.,* 622 N.E.2d 935, 939 (Ind.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994); *ANR Pipeline Co. v. Department of State Revenue,* 672 N.E.2d 91, 94 (Ind. Tax Ct.1996); *Vehslage v. Rose Acre Farms, Inc.,* 474 N.E.2d 1029, 1033 (Ind.Ct. App.1985) ("Administrative boards, agencies, and officers have no common law or inherent powers, but only such authority as is conferred upon them by statutory enactment."). In addition, "[a]ll doubts regarding a claim to power by a governmental agency are resolved against the agency." *ANR Pipeline Co.,* 672 N.E.2d at 94 (citing *Adkins v. City of Tell City,* 625 N.E.2d 1298, 1302 (Ind.Ct. App.1993)). However, this rule should not be employed by courts to unduly restrict authority granted to an agency by the Legislature. Because the State Board only has that authority granted to it by statute, in resolving the issues raised in the Petitioners' summary judgment motion, the Court must look to the statutory provisions governing the State Board's authority.

■ One of the duties of the State Board is to "see that all property assessments are made in the manner provided by law." *Id.* § 6–1.1–35–1(3) (1998); *see also Bielski v. Zorn,* 627 N.E.2d 880, 886 (Ind. Tax Ct.1994); *cf.* IND.CODE § 6–1.1–4–31(a) (1998) (State Board required to check conduct of a general reassessment). In carrying out this duty, the State Board has the authority to supervise a county-wide reassessment it has ordered. Under IND.CODE § 6–1.1–30–10 (1998), the State Board has the authority to "delegate to a field representative or supervisor the board's powers with respect to any duty of the board." Under

---

**6.** In their complaint, the Petitioners also alleged that, to the extent the reassessment order requires that the data collected during the reassessment will be used for the March 1, 2001 statewide general reassessment, *see* IND.CODE § 6–1.1–4–4 (1998), the order is unlawful because it will

infringe upon the Petitioners' duty to conduct the 2001 general reassessment. However, the Petitioners do not raise this issue in their summary judgment motion. Consequently, the Court declines to discuss the issue.

IND.CODE § 6–1.1–30–8 (1998), the State Board may employ field representatives and supervisors so that the State Board may perform its duties. This gives the State Board the authority to select whomever it chooses to oversee and supervise the Lake County reassessment.

■ As for the State Board's authority to conduct the Lake County reassessment, the law is not so clear. The Court's research has disclosed no statutory provision explicitly allowing the State Board to conduct the Lake County reassessment. Therefore, the resolution of this dispute turns on whether the State Board's authority to order that reassessment and its authority to supervise that reassessment necessarily imply the authority to conduct that reassessment. From the Court's examination of the specific statutory provisions relied on by the parties and the general tenor of the laws governing the assessment of property, the Court concludes that the State Board does not have the authority to conduct the Lake County reassessment and therefore does not have the authority to hire contractors to do so on its behalf.

■ The State Board argues that section 6–1.1–4–9 itself allows the State Board to conduct the reassessment. However, the plain language of section 6–1.1–4–9 [7] speaks in terms of the State Board ordering a reassessment, not conducting a reassessment. This strongly implies that the State Board is not the body charged with actually conducting that reassessment. In general, a person does not order himself to do something. Rather, an order is usually given to *others* to do something. In addition, the fact that section 6–1.1–4–9 requires the State Board to specify in its order the time in which the reassessment must be completed strongly suggests that the reassessment is conducted by someone other than the State Board.

■ The State Board strenuously argues that the fact that the State Board may order itself to do something means that, under section 6–1.1–4–9, it may order itself to conduct the Lake County reassessment. The

Court must reject this argument. The State Board may only order itself to do something that it is permitted to do by law. It may not, under the guise of ordering itself to do something, expand its powers beyond those granted by statute. The State Board has great discretion in carrying out its statutory duties; however, this discretion does not include assuming authority not granted by the Legislature. *See Auburn Foundry, Inc. v. State Bd. of Tax Comm'rs*, 628 N.E.2d 1260, 1263 (Ind. Tax Ct.1994) ("As broad as the State Board's discretion is, it ends where the State Board's authority ends."). To hold otherwise would run afoul of the rule that an administrative agency only has that authority granted by the Legislature and allow administrative agencies to add to their powers by bootstrapping. In addition, the State Board's argument misses the mark. The issue is not whether the State Board may order itself to do something in one of its orders. Rather, the issue is what the State Board may order itself to do.

Other statutory provisions inform the Court's analysis as well. Township assessors are charged with the duty of conducting assessments. *See* IND.CODE § 36–6–5–3 (1998); *see also id.* § 6–1.1–1–1.5 (1998) (defining assessing official). This strongly suggests that township assessors are to conduct reassessments ordered by the State Board pursuant to section 6–1.1–4–9. Moreover, under IND.CODE § 6–1.1–4–29(b) (1998), the State Board is required to estimate the cost of conducting a reassessment. Under subsection 6–1.1–4–29(b), the local assessing officials, the county assessor, the county property tax board of appeals, and the county auditor may not spend more than the amount estimated by the State Board. Once again, this strongly implies that the local officials are the ones engaged in the reassessment.

The State Board invites this Court's attention to IND.CODE § 6–1.1–35–13 (1998). The Court finds the State Board's invocation of that statutory provision to support its position unpersuasive. Under section 6–1.1–35–

---

7. The Court notes that the State Board has not issued any regulations interpreting this statutory provision.

13, the State Board is empowered to "prepare a report, plat, or other property tax record" if a local official does not make a report required by the laws governing assessments or fails to deliver a plat or property tax record to an appropriate official or board. It is difficult to construe the plain language of this statutory provision as allowing the State Board to conduct a reassessment.[8] A reassessment is not a report, plat, or property tax record. *See Peele v. Gillespie,* 658 N.E.2d 954, 958 (Ind.Ct.App.1995) (In construing statute, it is just as important to recognize what statute does not say as it is to recognize what it does say.), *trans. denied; see also Garcia v. State Bd. of Tax Comm'rs,* 694 N.E.2d 794, 799 (Ind. Tax Ct.1998).

Moreover, construing section 6–1.1–35–13 to allow the State Board to conduct a reassessment would have palpably absurd results. *See 3551 Lafayette Road Corp. v. Department of State Revenue,* 644 N.E.2d 199, 201 (Ind. Tax Ct.1994) (court will not construe statute to require absurd result). Under subsection 6–1.1–35–13(b), a local official who fails to prepare a report or to deliver a plat or other property tax record can be personally liable for the amount it cost to prepare the report, plat, or property tax record. If the State Board is authorized to conduct a reassessment under this statutory provision (i.e., because the terms report, plat, or other property tax record include a reassessment), theoretically, at least, an official could be held personally liable for the entire cost of the reassessment. If the Legislature intended this result, it would have said so in much clearer terms.

In addition to these specific statutory provisions, the general tenor of Indiana's property tax assessment system also militates against the State Board's position in this case. In general, assessments are done locally, and the State Board, in general, does not determine the assessed value of property, except in property tax appeals. *See North Park Cinemas, Inc. v. State Bd. of Tax Comm'rs,* 689 N.E.2d 765, 771 (Ind. Tax Ct.1997). Therefore, an exception to this general rule must be explicit.[9] The State Board has not identified any statutory provision explicitly allowing it to conduct a reassessment. Accordingly, the general rule that assessments are done locally applies to the Lake County reassessment.

Based on its analysis of the relevant law, the Court concludes that the State Board is without the statutory authority to conduct the Lake County reassessment and therefore cannot delegate this task to a contractor. In reaching this conclusion, the Court is not unaware of the State Board's finding that "[t]he weight of the testimony and evidence reflects a widespread recognition that an assessment problem exists in Lake County." (State Bd. Reassessment Ord. ¶ 14). In response to this problem, the State Board has ordered a reassessment of Lake County real property.[10] Any reading of the reassessment order makes it quite clear that the State Board believes that it must play a large role in the conduct of this reassessment because otherwise the reassessment will not be done in accordance with the law.[11] The Court recognizes the State Board's concern.

8. Section 6–1.1–35–13 also predicates the State Board's ability to act on the failure of an assessing official to act. Accordingly, the State Board contends that "to make an inaccurate report is to fail to make a report." (State Bd. Resp. Br. at 8). This contention is without merit. That a report is inaccurate does not mean that it was not made.

9. One example is found under IND.CODE § 6–1.1–14–10 (1998). Under section 6–1.1–14–10, the State Board is empowered to review an assessment or reassessment of any property sua sponte. *See Joyce Sportswear Co. v. State Bd. of Tax Comm'rs,* 684 N.E.2d 1189, 1194 (Ind. Tax Ct.1997), *appeal dismissed; Bielski,* 627 N.E.2d at 885–86 (discussing purpose behind State Board's ability to review property assessments under section 6–1.1–14–10). Because the State Board has expressly disclaimed reliance on this statutory provision for the authority to conduct a county-wide reassessment, the Court expresses no view concerning whether the State Board could accomplish a county-wide reassessment under this statutory provision.

10. As Indiana's assessing expert, the State Board is in a unique position to determine whether the reassessment is in fact warranted, and it is not the place of this Court to second guess the State Board's decision to order a reassessment in Lake County, absent the clearest abuse of discretion.

11. In its brief, the State Board makes reference to Mr. Matonovich's deposition testimony and a political pamphlet he circulated to support its

■ However, the fact that a problem exists (even one of constitutional magnitude) does not allow an agency to act in a manner inconsistent with the law. If the State Board is without the power to conduct the Lake County reassessment, nothing that happens in Lake County can confer that power. The powers of the State Board are granted by the Indiana General Assembly, not the exigencies of any particular situation.

## CONCLUSION

For the reasons stated above, the Court GRANTS summary judgment to the Petitioners in part and to the State Board in part. The Court REVERSES those portions of the Lake County reassessment order authorizing the State Board to employ contractors to conduct the Lake County reassessment. The Lake County reassessment order is hereby REMANDED to the State Board for modification of those portions authorizing the State Board to employ contractors to conduct the Lake County reassessment. In all other respects, the Lake County reassessment order is AFFIRMED. The Court hereby makes permanent its preliminary injunction issued on October 22, 1998. The State Board is ENJOINED from contracting with any entity for the purpose of allowing that entity to conduct the Lake County reassessment.

contention that the Lake County reassessment will not be conducted in accordance with the law. The Court takes no position regarding the remedies available to the State Board if one or more of the Lake County township assessors fail to follow the law in conducting the Lake County reassessment.