Bradley J. WHETZEL, Petitioner,

v.

DEPARTMENT OF LOCAL GOVERN-MENT FINANCE,[1] Respondent.

No. 39T10–0008–SC–96.

Tax Court of Indiana.

Jan. 17, 2002.

---

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the legislature abolished the State Board as of December 31, 2001. P.L. 198–2001, § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance (DLGF), IND.CODE § 6–1.1–30–1.1 (West Supp. 2001)(eff.1–1–02); P.L. 198–2001, § 66, and the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.5–1–3 (West Supp. 2001)(eff.1–1–02); P.L. 198–2001, § 95. Pursuant to Indiana Code Section 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp. 2001)(eff.1–1–02); P.L. 198–2001, § 95. Moreover, the law in effect prior to January 1, 2002 applies to these appeals. IND.CODE § 6–1.5–5–8 (West Supp.2001)(eff.1–1–02); P.L. 198–2001, §§ 95, 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Bradley J. Whetzel, Lanesville, IN, Petitioner Appearing Pro Se.

Steve Carter, Attorney General of Indiana, Laureanne Nordstrom, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Bradley J. Whetzel appeals the State Board of Tax Commissioners' (State Board) final determination that it did not have the authority to hear or decide whether Whetzel owed a penalty for the late payment of his property taxes for the 1996 tax year. Whetzel presents the following issues for this Court's review on appeal, which the Court restates as:

I. whether the State Board made a final determination as required for this Court to have subject matter jurisdiction over Whetzel's appeal; and

II. whether the State Board was statutorily empowered to determine whether the County properly assessed Whetzel the ten percent penalty for the late payment of his property taxes.

For the reasons stated below, the Court finds for Whetzel on the first issue and for the State Board on second issue.

### FACTS AND PROCEDURAL HISTORY

In September 1995, Whetzel purchased property located in Harrison County, Indiana. In September 1997, Whetzel re-

ceived a notice of assessment. In March 1998, Whetzel received a property tax bill for the 1996 tax year, which included a late payment penalty of $110.06. Whetzel paid the tax and penalty but filed a 133 Petition for Correction of an Error ("133 Petition") disputing that he owed the penalty. He claimed that he never had the opportunity to pay this bill in a timely manner because the first bill that he received for the tax included the penalty. The Harrison County Board of Review issued its final determination affirming the imposition of the penalty. Thereafter, Whetzel appealed his 133 Petition to the State Board. On June 6, 2000, the State Board issued its final determination that it did not have the authority to hear and decide Whetzel's appeal. On August 10, 2000, Whetzel filed his original tax appeal in this Court. On September 27, 2000, the State Board filed a motion to dismiss pursuant to Indiana Trial Rules 12(B)(1) & (6). Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

This Court gives final determinations of the State Board great deference when the State Board acts within the scope of its authority. *Freudenberg–NOK General Partnership v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1026, 1028–29 (Ind. Tax Ct.1999), *review denied.* Accordingly, this Court reverses final determinations of the State Board only when they are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* at 1029.

### Discussion

#### I. Subject Matter Jurisdiction

The first issue is whether the State Board made a final determination as required for this Court to have subject matter jurisdiction over Whetzel's appeal. The State Board argued that this Court does not have subject matter jurisdiction because the State Board did not have the statutory authority to decide the issue raised in Whetzel's case, and therefore, no final determination was ever issued. Consequently, the State Board asked that this case be dismissed pursuant to Indiana Trial Rule 12(B)(1).

Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong. *Musgrave v. State Bd. of Tax Comm'rs*, 658 N.E.2d 135, 138 (Ind. Tax Ct.1995). Whether a court has subject matter jurisdiction "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.* Indiana Code Section 33–3–5–2(a) set forth the general scope of authority conferred upon the Tax Court. IND.CODE § 33–3–5–2(a) (West 1996). This section of the Indiana Code stated that the Tax Court is a court of limited jurisdiction having "exclusive jurisdiction over any case that arises under the tax laws of [Indiana] and that is an initial appeal of a final determination" made by the State Board. I.C. § 33–3–5–2(a)(2); *see also Scheub v. State Bd. of Tax Comm'rs*, 716 N.E.2d 638, 642 (Ind. Tax Ct.1999). "A final determination is an order that 'determine[s] the rights of, or impose[s] obligations on, the parties as a consummation of the administrative process.'" *Ispat Inland Inc. v. State Bd. of Tax Comm'rs*, 757 N.E.2d 1078, 1083 (Ind. Tax Ct.2001) (quoting *Mills v. State Bd. of Tax Comm'rs*, 639 N.E.2d 698, 701 (Ind. Tax Ct.1994)).

The parties did not dispute that the case arises under the Indiana tax laws. Therefore, the Court will look only to whether

the State Board issued a final determination in Whetzel's case. The State Board's written decision on Whetzel's case was titled "Final Determination." (R. of Administrative Proceedings at 10.) In that document and the attached findings of fact and conclusions of law, the State Board found that it did not have the statutory authority to decide whether Whetzel was properly assessed the late penalty [2] on his property taxes. (R. of Administrative Proceedings at 10.) Because that decision concluded that Whetzel did not have the right to have the penalty at issue reviewed by the State Board, the State Board's decision was a final determination. *See Ispat Inland Inc.*, 757 N.E.2d at 1083; I.C. § 33–3–5–2(a)(2). The fact that the State Board's final determination did not decide the substantive issue does not make it any less of a final determination regarding its procedural authority to decide the case. *See Infra* Part II. Consequently, this Court has subject matter jurisdiction to decide the narrow issue of whether the State Board had the procedural authority to decide whether Whetzel owes the penalty at issue.[3] Therefore, the State Board's motion to dismiss for lack of subject matter jurisdiction is DENIED.

## II. State Board's Statutory Authority

■ The next issue is whether the State Board was statutorily empowered to determine whether the County properly assessed Whetzel the ten percent penalty for the late payment of his property taxes. The State Board argued that it did not have the statutory power to decide whether the penalty was properly imposed on Whetzel's property. Therefore, the State Board argued that this case should be dismissed pursuant to Indiana Trial Rule 12(B)(6), for failure to state a claim upon which relief can be granted. However, the Court will treat this motion as a motion for summary judgment because the State

---

**2.** Indiana Code Section 6–1.1–37–10(a) provides in relevant part: "If an installment of property taxes is not completely paid on or before the due date, a penalty equal to ten percent (10%) of the amount of delinquent taxes shall be added to the unpaid portion in the year of the initial delinquency." IND.CODE § 6–1.1–37–10(a). The prosecuting attorneys of this state are specifically charged with the duty of enforcing this penalty. IND.CODE § 6–1.1–37–13 (providing that the prosecuting attorneys of this state shall enforce the penalties prescribed in *Chapter 37* of Article 1.1 of Title 6 of the Indiana Code). *Cf.* IND.CODE § 6–1.1–30–14 (providing that the State Board is generally charged with enforcing penalties under Article 1.1 of Title 6 of the Indiana Code).

**3.** This Court, however, does not have jurisdiction to decide the issue of whether the County properly imposed the late penalty because the State Board did not make a final determination with regard to that issue. *See* IND.CODE § 33–3–5–2(a)(2). The Court notes that in other cases where this Court did not have jurisdiction to decide a case because there was no final determination by the State Board, the Supreme Court directed the taxpayer to file its case in a court of general jurisdiction naming the county officials as the defendant. *See, e.g., State Bd. of Tax Comm'rs v. L.H. Carbide Corp.*, 702 N.E.2d 706, 706–07 (Ind.1998) (holding that taxpayer may bring mandamus action in court of general jurisdiction against county officials where Tax Court did not have jurisdiction because State Board did not make a final determination because that County Board of Review never acted on or forwarded the Form 133 Petition for Correction of Errors to the State Board); *State Bd. of Tax Comm'rs v. Mixmill Mfg.*, 702 N.E.2d 701, 704–05, 706 (Ind.1998) (holding that taxpayer may bring mandamus action in court of general jurisdiction against county officials where the Tax Court did not have jurisdiction because State Board did not make a final determination because that County Board of Review never acted on or forwarded the Form 131 Petition for Review of Assessment to the State Board); *cf. Indiana Dep't of Revenue v. Deaton*, 755 N.E.2d 568, 571–72 (Ind.2001) (holding that the Department may collect a tax judgment lien by filing a proceeding supplemental in a court of general jurisdiction).

Board filed an exhibit at the oral argument on the motion to dismiss.[4] (Oral Argument Tr. at 5.) (Resp't Ex. A.)

 Summary judgment is only appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Matonovich v. State Bd. of Tax Comm'rs*, 705 N.E.2d 1093, 1096 (Ind. Tax Ct.1999), *review denied.; Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind. Tax Ct.2000), *review denied.* The summary judgment procedure is designed to terminate cases in which there can be no factual dispute and which may be decided as a matter of law. *Matonovich*, 705 N.E.2d at 1096. Questions of statutory construction are particularly amenable to resolution by summary judgment. *Id.*

 The State Board was a creation of the Legislature and therefore only had those powers conferred by statute. *Matonovich*, 705 N.E.2d at 1096; *Hoogenboom–Nofziger v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1018, 1021 (Ind. Tax Ct.1999). When construing a statute, it is equally as important to recognize what the statute does not say as it is to recognize what it does say. *City of Evansville v. Zirkelbach*, 662 N.E.2d 651, 654 (Ind.Ct. App.1996), *trans. denied.* Therefore, the State Board could only decide whether Whetzel owed the penalty if it was statutorily empowered to do so.

The appeals division of the State Board was empowered to review appeals concerning the following:

(1) the assessed valuation of tangible property;

(2) property tax deductions;

(3) property tax exemptions; or

(4) property tax credits;

that [were] made from a determination by an assessing official or a county property tax assessment board of appeals to the state board of tax commissioners under any law.

IND.CODE § 6–1.1–30–11(c) (West 2000). This statute granted power to the State Board to review only appeals concerning matters enumerated therein. The statute did not grant any power to the State Board to review penalties imposed by the County for the late payment of property taxes.[5] Therefore, the State Board did not have any authority to decide Whetzel's appeal of the penalty imposed for late payment of his property taxes. Consequently, this court GRANTS the State Board's motion for summary judgment on this issue.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the State Board's motion to dismiss for lack of subject matter jurisdiction because the State Board did make a final determination. However, the Court

---

4. If on a motion "to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented to* and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Ind. Trial Rule 12(B) (emphasis added); *see also Williams v. Indiana Dep't. of State Revenue,* 742 N.E.2d 562, 563 n. 1 (Ind. Tax Ct.2001). Because this Court has not excluded the exhibit, this 12(B)(6) motion will be treated as a motion for summary judgment. *See* T.R. 12(B).

5. Whetzel filed a 133 Petition for Correction of Error (133 Petition) with the County Auditor in this case. The Court notes that the statute governing 133 Petitions does reference penalties. *See* IND.CODE § 6–1.1–15–12(4). The statute states that the auditor is required to correct *mathematical errors in computing penalties* on taxes. *See id.* However, there is nothing in the statute that provides for the determination of whether a penalty was properly imposed.

GRANTS summary judgment in favor of the State Board because the State Board did not have the authority to decide whether the County properly assessed Whetzel with a penalty for late payment of his property taxes.