IRWIN MORTGAGE CORPORATION,
f/k/a Inland Mortgage Corporation,
Petitioner,

v.

INDIANA BOARD OF TAX REVIEW,
Marion County Treasurer, Marion
County Auditor, Marion County
Board of Review and Washington
Township Assessor, Respondents.

No. 49T10–0203–TA–29.

Tax Court of Indiana.

Sept. 30, 2002.

Mary Titsworth Chandler, Maureen S. Ward, Wooden & McLaughlin, Indianapolis, IN, Representing Petitioner.

Steve Carter, Attorney General of Indiana, by Robert Wente, Deputy Attorney General, Andrew P. Seiwert, Assistant Corporation Counsel, Indianapolis, IN, Representing Respondents.

## ORDER ON MOTIONS TO DISMISS AND JUDGMENT ENTRY

FISHER, J.

 Irwin Mortgage Corporation (Irwin) appeals the Indiana Board of Tax Review's (Indiana Board) final determination that it did not have the authority to decide whether Irwin owed a penalty for the late payment of an installment of property taxes that were due on May 12, 1997 or whether the statute that sets forth the penalty is constitutional. The Indiana Board and County Treasurer, the Marion County Auditor, and the Marion County Property Tax Assessment Board of Appeals (collectively Local Officials) have filed motions to dismiss Irwin's appeal. The Court restates the issue in this case as whether Irwin's claims are properly before this Court.[1]

For the reasons stated below, the Court GRANTS the Indiana Board's and the Local Officials' motions to dismiss.

## FACTS AND PROCEDURAL HISTORY

Irwin is a mortgage company that maintains escrow accounts on behalf of its customers for property tax payments. On May 12, 1997, a property tax installment was due to be paid to the County Treasurer's office. Irwin prepared the tax payment checks to be given to UPS on May 12, 1997 for delivery to the County Treasurer, but the checks never made it to UPS because the Irwin employee responsible for making the payments was absent from work on May 12. On May 13, Irwin hand delivered the tax payment to the County Treasurer's office. At that point, the County Treasurer's office advised Irwin that the personal delivery of the payment on May 13 was considered delinquent. As a result of the delinquent payment, the County Treasurer's office imposed a penalty of 10% of the delin-

---

1. The Local Officials asserted as an affirmative defense that this Court lacked subject matter jurisdiction to decide the narrow issue of whether the Indiana Board had the *authority* to decide whether the taxpayer owed the penalty. However, at the hearing, this Court noted that it has already decided that it has jurisdiction over such a case. *See Whetzel v. Dep't of Local Gov't Fin.*, 761 N.E.2d 904, 907 (Ind.Tax Ct.2002) (holding the Tax Court has subject matter jurisdiction to decide the narrow issue of whether the State Board had the authority to decide whether the taxpayer owed the same penalty). This Court notes that it does not have jurisdiction to decide the issue of whether the County Treasurer *properly imposed* the late penalty because the Indiana Board did not make a final determination with regard to that issue. *See id.* at 907 n. 3; IND.CODE § 33-3-5-2(a)(2).

quent tax payment on Irwin pursuant to Indiana Code Section 6–1.1–37–10. Irwin paid the 10% penalty.

On January 5, 1998, Irwin filed a claim for refund with the Marion County Auditor seeking a refund of the penalty pursuant to Indiana Code Section 6–1.1–26–1. The Auditor denied the claim for refund.

On January 27, 1998, Irwin appealed to the State Board of Tax Commissioners (State Board) via a 131 Petition for Review. The State Board held a hearing. On January 28, 2002, the Indiana Board[2] issued its final determination stating that it did not have the authority to decide whether the Treasurer properly imposed the penalty on Irwin.

On March 12, 2002, Irwin filed its original tax appeal with this Court. On May 13, 2002, the Indiana Board filed a motion to dismiss Irwin's appeal pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief may be granted. On May 31, 2002, the Local Officials also filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6). On June 26, 2002, the Court held a hearing on the motions to dismiss. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court will give final determinations of the Indiana Board great deference when the Indiana Board acts within the scope of its authority. *See Freuden-berg–NOK General Partnership v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1026, 1028–29 (Ind.Tax Ct.1999) (setting forth standard of review in State Board cases), *review denied.* Accordingly, this Court reverses final determinations of the Indiana Board only when they are unsupported by substantial or reliable evidence, are arbitrary, capricious, or constitute an abuse of discretion, are unconstitutional, do not follow proper legal procedure, or exceed statutory authority. IND.CODE § 33–3–5–14.8(e). The burden of showing that the Indiana Board's action was invalid is on the party asserting the invalidity. IND.CODE § 33–3–5–14.8(b).

### Discussion

The Court first looks to whether the Indiana Board was statutorily empowered to determine whether the County properly assessed Irwin a ten percent penalty[3] for the late payment of the property tax installment. The Indiana Board stated in its final determination that it did not have the statutory power to decide whether the penalty was properly imposed on Irwin. Therefore, the Indiana Board and Local Officials now argue that this case should be dismissed pursuant to Indiana Trial Rule 12(B)(6), for failure to state a claim upon which relief can be granted.

■ A motion made pursuant to Trial Rule 12(B)(6) tests the legal sufficiency of a complaint. *Musgrave v. State Bd. of Tax Comm'rs*, 658 N.E.2d 135, 140 (Ind. Tax Ct.1995). The Court will grant a Trial

---

**2.** The legislature abolished the State Board as of December 31, 2001. P.L. 198–2001, § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance (DLGF), IND.CODE § 6–1.1–30–1.1 (West Supp.2001) (eff. 1–1–02); P.L. 198–2001, § 66, and the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.5–1–3 (West Supp.2001) (eff. 1–1–02); P.L. 198–2001, § 95.

**3.** Indiana Code Section 6–1.1–37–10(a) provides in relevant part: "If an installment of property taxes is not completely paid on or before the due date, a penalty equal to ten percent (10%) of the amount of delinquent taxes shall be added to the unpaid portion in the year of the initial delinquency." IND.CODE § 6–1.1–37–10(a).

Rule 12(B)(6) motion only if it appears that the petitioner is not entitled to relief under any circumstances. *Id.*

■■■ As stated in *Whetzel v. Department of Local Government Finance,* the State Board was a creation of the Legislature and therefore only had those powers conferred by statute. *Whetzel v. Dep't of Local Gov't Finance,* 761 N.E.2d 904, 908 (Ind.Tax Ct.2002). The Indiana Board, as the successor to the State Board, was also created by the legislature and is also limited to statutorily enumerated powers. In statutory construction, it is just as important to recognize what the statute does not say as it is to recognize what it does say. *City of Evansville v. Zirkelbach,* 662 N.E.2d 651, 654 (Ind.Ct.App.1996), *trans. denied.* Consequently, the Indiana Board could only decide whether Irwin owed the penalty if it was statutorily empowered to make such a decision. The Indiana Board is empowered to review appeals concerning:

(1) the assessed valuation of tangible property;

(2) property tax deductions;

(3) property tax exemptions; or

(4) property tax credits;

that are made from a determination by an assessing official or a county property tax assessment board of appeals to the Indiana board under any law.

IND.CODE § 6–1.5–4–1(a) (West 2001).

■■■ This Court decided this same issue in *Whetzel,* although that case involved the State Board. *Whetzel,* 761 N.E.2d at 908. Similar to *Whetzel,* here the statute grants power to the Indiana Board to review only appeals concerning matters enumerated therein. The statute does not grant any power to the Indiana Board to review penalties imposed by the County Treasurer for the late payment of property taxes. Consequently, the Indiana Board did not have the authority to decide Irwin's appeal of the penalty imposed for late payment of the property tax installment.

■■■ Irwin asserts that the Court's holding in *Whetzel* can be distinguished from this case because *Whetzel* did not deal with the constitutionality of Indiana Code Section 6–1.1–37–10. Irwin points out that in *Whetzel,* the taxpayer only challenged whether the penalty imposed was illegal. *See Whetzel,* 761 N.E.2d at 906. In the present case, Irwin challenges both the propriety of the County Treasurer's imposition of the penalty and the constitutionality of the statute before the Indiana Board. However, the Court notes that with the exception of the constitutionality issue, Irwin's case is four square with *Whetzel.* Therefore, *Whetzel* controls, and the Indiana Board properly decided that it was without authority to review the propriety of the County Treasurer's late penalty.

Irwin attempts to save its case from dismissal, arguing that its case is properly before this Court because Indiana Code Section 6–1.1–37–10 is unconstitutional[4] and only this Court can decide the constitutionality of a tax statute. Irwin contends that *State v. Sproles* supports its proposition because there the Indiana Supreme Court held that challenges to the tax law lie within the exclusive jurisdiction of the Tax Court. *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996). Irwin's reliance on *Sproles* in this case is misplaced. Whether the Indiana Board or any other administrative agency has the authority to review the constitutionality of a statute should not be reached until the agency has

---

4. Irwin asserts that Indiana Code Section 6–1.1–37–10 violates Article I Section 16 of the Indiana Constitution and the Eighth and Fourteenth amendments to the United States Constitution.

determined whether it has jurisdiction over an appeal brought under the statute alleged to be unconstitutional.[5] Here, the Indiana Board did not have any authority to decide anything regarding the appropriateness of a penalty for late payment of taxes and consequently neither does this Court. Therefore, Irwin's constitutional claim is not properly before this Court. Accordingly, the Court GRANTS the Indiana Board's and Local Officials' motions to dismiss.

## CONCLUSION

Irwin's remedy in Court, if any, lies with the Marion County courts of general jurisdiction and not the Tax Court.[6] For the foregoing reasons, Court GRANTS the Indiana Board's and Local Official's motions to dismiss because the Indiana Board did not have the authority to decide whether the County Treasurer properly assessed Irwin with a penalty for late payment of the property tax installment and because Irwin's constitutional challenge is not properly before this Court.

5. The outcome of this case might have been different if Irwin would have been claiming that a statute regarding an assessment were unconstitutional and the Indiana Board would have determined that it did not have jurisdiction because it did not have authority to decide whether a statute is unconstitutional. Then, an appeal to the Tax Court would be proper because the Indiana Board had the authority to decide the non-constitutional issue under the allegedly defective statute.

6. The prosecuting attorneys of this state are specifically charged with the duty of enforcing the penalty under Indiana Code Section 6–1.1–37–10. IND.CODE § 6–1.1–37–13 (providing that the prosecuting attorneys of this state shall enforce the penalties prescribed in *Chapter 37* of Article 1.1 of Title 6 of the Indiana Code). *Cf.* IND.CODE § 6–1.1–30–14 (providing that the State Board is generally charged with enforcing penalties under Article 1.1 of Title 6 of the Indiana Code).

The Supreme Court has directed the taxpayer to file its case in a court of general jurisdiction naming the county officials as the defendant in cases where this Court lacked jurisdiction to decide a case because there was no final determination by the State Board. *See, e.g., State Bd. of Tax Comm'rs v. L.H. Carbide Corp.,* 702 N.E.2d 706, 706–07 (Ind.1998) (holding that taxpayer may bring mandamus action in court of general jurisdiction against county officials where Tax Court did not have jurisdiction because State Board did not make a final determination because that County Board of Review never acted on or forwarded the Form 133 Petition for Correction of Errors to the State Board); *State Bd. of Tax Comm'rs v. Mixmill Mfg.,* 702 N.E.2d 701, 704–05, 706 (Ind.1998) (holding that taxpayer may bring mandamus action in court of general jurisdiction against county officials where the Tax Court did not have jurisdiction because State Board did not make a final determination because that County Board of Review never acted on or forwarded the Form 131 Petition for Review of Assessment to the State Board); *cf. Indiana Dep't of Revenue v. Deaton,* 755 N.E.2d 568, 571–72 (Ind.2001) (holding that the Department may collect a tax judgment lien by filing a proceeding supplemental in a court of general jurisdiction).