ATTORNEYS FOR PETITIONER:
**JAMES F. BEATTY**
**JESSICA L. FINDLEY**
**DONALD D. LEVENHAGEN**
**KATHRYN MERRITT-THRASHER**
**MEGAN M. PIAZZA**
LANDMAN BEATTY, LAWYERS
Indianapolis, IN

ATTORNEY FOR RESPONDENT:
**JOHN C. SLATTEN**
MARION COUNTY ASSESSOR'S
OFFICE
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Jan 20 2015, 3:11 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| THREE FOUNTAINS WEST, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1406-TA-42 |
| | ) | |
| JOSEPH P. O'CONNOR, MARION | ) | |
| COUNTY ASSESSOR, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON RESPONDENT'S MOTION TO DISMISS

**MEMORANDUM DECISION**
**January 20, 2015**

WENTWORTH, J.

Joseph P. O'Connor in his official capacity as the Marion County Assessor has moved to dismiss Three Fountains West, Inc.'s appeal, claiming that the Court lacks subject matter jurisdiction. The Court grants the Assessor's motion.

### FACTS AND PROCEDURAL HISTORY

The events giving rise to this matter commenced several years ago. On May 14, 2008, Three Fountains West filed an Application for Property Tax Exemption with the

Assessor, claiming that its 300-unit multi-family cooperative apartment complex and personal property were exempt from property taxation because they were owned, occupied, and exclusively used for the charitable purpose of providing affordable housing to low-income persons. (See Cert. Admin. R. at 41-45.) The Marion County Property Tax Assessment Board of Appeals (PTABOA) granted Three Fountains West's exemption application. (See Cert. Admin. R. at 105-12.)

In 2009, this Court issued a decision in which it held that the provision of affordable housing to low-income persons was not a per se charitable purpose. See Jamestown Homes of Mishawaka, Inc. v. St. Joseph Cnty. Assessor, 909 N.E.2d 1138, 1144 (Ind. Tax Ct. 2009), review denied. As a result, the PTABOA questioned several of its prior exemption determinations, including Three Fountains West's. (See Cert. Admin. R. at 341-42, 350-51.) On January 31, 2011, the PTABOA sent Three Fountains West a letter requesting that it complete a four-page worksheet "to help [the PTABOA] better understand the services [that Three Fountains West] provides to [its] tenants." (See Cert. Admin. R. at 113-19.) The PTABOA explained that it would use the worksheet to review Three Fountains West's exemption status and that it may hold a hearing. (See Cert. Admin. R. at 113.) Three Fountains West completed and returned the worksheet to the PTABOA as requested. On March 8, 2011, after conducting a hearing, the PTABOA revoked Three Fountains West's exemption for the 2010 tax year. (See Cert. Admin. R. at 120-27.)

On April 5, 2011, Three Fountains West appealed to the Indiana Board of Tax Review, alleging that the PTABOA lacked the statutory authority to revoke its 2010 exemption. (See, e.g., Cert. Admin. R. at 3-6, 11-12.) Alternatively, Three Fountains

2

West alleged that the PTABOA's exemption revocation was untimely and ignored the fact that its property had been owned, occupied, and exclusively used for charitable purposes since 2008. (See, e.g., Cert. Admin. R. at 12-16.) On September 16, 2011, Three Fountains West filed a Motion for Summary Judgment, asserting that the PTABOA's unilateral revocation of its exemption was improper not only because it lacked the statutory authority to do so but also because it was untimely. (See Cert. Admin. R. at 77-90.) On January 17, 2014, after conducting a hearing, the Indiana Board issued an order denying Three Fountains West's Motion for Summary Judgment. (See Cert. Admin. R. at 181-91.)

On January 29, 2014, Three Fountains West filed a Petition for Rehearing with the Indiana Board. (See Cert. Admin. R. at 192-99, 212-31.) The Indiana Board treated Three Fountains West's Petition for Rehearing as a Motion to Reconsider and on April 24, 2014, affirmed its denial of Three Fountains West's Motion for Summary Judgment. (See Cert. Admin. R. at 200-01, 234-45.) The Indiana Board explained that Indiana Code § 6-1.1-11-1 et seq. authorized the PTABOA's exemption revocation and that the revocation was both timely and in compliance with all applicable notice requirements. (See Cert. Admin. R. at 234-45.)

On June 9, 2014, Three Fountains West appealed to this Court. On August 15, 2014, the Assessor filed a Motion to Dismiss for Lack of Jurisdiction. The Court held a

3

hearing on October 29, 2014.[1]  Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

When this Court rules on a motion to dismiss for lack of subject matter jurisdiction, it may consider the petition, the motion, and any supporting affidavits or evidence.  Garwood v. Indiana Dep't of State Revenue, 998 N.E.2d 314, 317 (Ind. Tax Ct. 2013).  The Court may also weigh the evidence to determine the existence of requisite jurisdictional facts, resolve factual disputes, and devise procedures to ferret out the facts pertinent to jurisdiction.  Id. at 317-18.

## LAW

Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, can only be conferred upon a court by the Indiana Constitution or by statute.  See In re Adoption of O.R., 16 N.E.3d 965, 970-71 (Ind. 2014); K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006); State v. Sproles, 672 N.E.2d 1353, 1356 (Ind. 1996).  The Tax Court has subject matter jurisdiction over all "original tax appeals" and its territorial jurisdiction spans the entire state.  IND. CODE §§ 33-26-3-1, -3 (2015); Ind. Tax Court Rule 13.

A case is an original tax appeal if it "arises under the tax laws of Indiana" and it "is an initial appeal of a final determination" made by the Indiana Board.  I.C. § 33-26-3-

---

[1]  During the hearing, the Court also considered the motions to dismiss for lack of jurisdiction that were filed in ten companion cases.  (See Order, Sept. 29, 2014 (setting a consolidated hearing for cause numbers:  49T10-1406-TA-35 (Grandville Coop., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-36 (Harvard Square Coop., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-37 (Riley-Roberts Park, LP v. Marion Cnty. Assessor), 49T10-1406-TA-38 (Yorktown Homes S., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-39 (Troy Manor Coop., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-40 (Lakeview Terrace Coop., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-41 (Mayfield Green Coop., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-42 (Three Fountains W., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-43 (Southwood Coop., Inc. v. Marion Cnty. Assessor), 49T10-1406-TA-44 (Three Fountains Coop., Inc. v. Marion Cnty. Assessor), and 49T10-1406-TA-45 (Retreat Coop., Inc. v. Marion Cnty. Assessor).)

1.  With respect to the first requirement, a case arises under Indiana's tax laws "if (1) 'an Indiana tax statute creates the right of action,' or (2) 'the case principally involves collection of a tax or defenses to that collection.'" State ex rel. Zoeller v. Aisin USA Mfg., Inc., 946 N.E.2d 1148, 1152 (Ind. 2011) (citation omitted).  The parties do not dispute that this case arises under Indiana's property tax laws.

The second requirement, that a case be an initial appeal of the Indiana Board's final determination, includes the exhaustion of administrative remedies requirement. See State Bd. of Tax Comm'rs v. Ispat Inland, Inc., 784 N.E.2d 477, 482 (Ind. 2003). Thus, the failure to exhaust administrative remedies, like failing to obtain a final determination from the Indiana Board, generally deprives the Court of subject matter jurisdiction.[2] See id. at 482-83.  Nonetheless, the failure to exhaust administrative remedies is not fatal to obtaining jurisdiction when extraordinary circumstances establish that doing so would be futile, would cause irreparable harm, or where the relevant statute is alleged to be void on its face. Id. at 483. Moreover, the exhaustion of administrative remedies requirement may not be appropriate if "an agency's action is challenged as being ultra vires and void." Indiana Dep't of Envtl. Mgmt. v. Twin Eagle LLC, 798 N.E.2d 839, 844 (Ind. 2003) (citation omitted).

**ANALYSIS**

**I.**

The Assessor claims that the Court does not have subject matter jurisdiction over this matter because Three Fountains West seeks the review of an Indiana Board

---

[2]  The Indiana Supreme Court recently held that the exhaustion of administrative remedies requirement is a procedural error that does not implicate a trial court's subject matter jurisdiction under the Administrative Orders and Procedures Act (AOPA). See First Am. Title Ins. Co. v. Robertson, 19 N.E.3d 757, 760-64 (Ind. 2014), aff'g in part 990 N.E.2d 9, 12-13 (Ind. Ct. App. 2013).  The holding in that case, however, does not affect the outcome of this decision.

interlocutory order, not an Indiana Board final determination. (See Resp't Br. Supp. Mot. Dismiss Lack Jurisdiction at 1-3.) Three Fountains West, on the other hand, contends that the Court does have subject matter jurisdiction because the Indiana Board created a final determination when it issued an order on a procedural issue that terminated the litigation between the parties. (See Br. Supp. Pet'r Resp. Resp't Mot. Dismiss ("Pet'r Br.") at 3; Hr'g Tr. at 11-13.) Three Fountains West cites the decision in Whetzel v. Department of Local Government Finance, 761 N.E.2d 904 (Ind. Tax Ct. 2002) as support for its position. (See Pet'r Br. at 3.)

As explained in Whetzel, "'[a] final determination is an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process.'" Whetzel v. Dep't of Local Gov't Fin., 761 N.E.2d 904, 906 (Ind. Tax Ct. 2002) (internal quotation marks, brackets, and citation omitted) (emphasis added). In Whetzel, the State Board of Tax Commissioners found that it lacked the statutory authority to determine whether a late payment penalty on property taxes was properly assessed. See id. at 906-07. The Court held that even though the State Board's finding resolved the procedural issue, but not the underlying substantive issue, it constituted a final determination because at that point there were no other issues for the State Board to resolve. See id. at 907. In other words, the State Board's resolution of the procedural issue terminated the administrative process because it prevented it from reaching the underlying substantive issue of whether the late payment penalty was properly assessed in the first place. See id.

In this case, however, the Indiana Board's Order determining that the PTABOA had the statutory authority to review and revoke Three Fountains West's exemption for

6

the 2010 tax year did not end the administrative process. Indeed, there is still an outstanding substantive issue for the Indiana Board to decide: whether Three Fountains West's property was owned, occupied, and used for charitable purposes during the 2010 tax year. (See, e.g., Cert. Admin. R. at 162 (where Three Fountains West states that "the eligibility of [its property] for an exemption is not at issue in the Motion for Summary Judgment"), 183 (where the Indiana Board acknowledges that Three Fountains West "has not sought summary judgment regarding the issue of whether [Three Fountains West's] property was owned, used, and occupied for a charitable purpose").) Thus, the Indiana Board's resolution of the procedural issue in this case, unlike the State Board's resolution of the procedural issue in Whetzel, did not conclude the administrative process because there is a pending issue for the Indiana Board to resolve. Consequently, Three Fountains West has appealed an Indiana Board interlocutory order, not an Indiana Board final determination.

**II.**

Alternatively, Three Fountains West contends that it does not need to obtain a final determination from the Indiana Board given the extraordinary circumstances in this case. (See Pet'r Br. at 3-6.) Three Fountains West specifically claims that the PTABOA "went rogue" in reviewing its exemption because nothing under Indiana Code § 6-1.1-11-1 et seq. or any other statute or regulation authorized the PTABOA to review and revoke its exemption for the 2010 tax year. (See Pet'r Br. at 4-6; Hr'g Tr. at 14-15.) In other words, Three Fountains West maintains that because the PTABOA's review of its exemption was ultra vires (i.e., beyond the scope of its statutory authority) and void, it

7

need not exhaust its administrative remedies.[3]  (See Hr'g Tr. at 18-21, 29-30.)

The Indiana Supreme Court has explained that exhaustion may not be appropriate "if an action is brought upon the theory that [an] agency lacks the jurisdiction to act in a particular area[.]"  Twin Eagle, 798 N.E.2d at 844 (citation omitted).  This is especially true when the resolution of the case depends on the construction of a statute, which is a pure question of law reserved for judicial resolution.  See id.  The question of whether Indiana Code § 6-1.1-11-1 et seq. authorized the PTABOA's review of Three Fountains West's exemption for the 2010 tax year is a pure question of law.  Nonetheless, the mere fact that the disposition of an issue depends on the resolution of a pure question of law does not create a per se exception to the exhaustion of administrative remedies requirement.  See id.  Indeed, in Twin Eagle the Indiana Supreme Court explained that even when challenging the constitutionality of a statute that is beyond an agency's power to determine, litigants might still need to exhaust administrative remedies because the administrative process may resolve the matter on other grounds.  Id.; accord Sproles, 672 N.E.2d at 1360-61.

In this instance, requiring Three Fountains West to exhaust by acquiring a final determination on the substantive issue may avoid premature litigation by providing an

---

[3]  Three Fountains West has also claimed that it would be futile to exhaust its administrative remedies because it has already obtained a ruling from the Indiana Board regarding its procedural claims.  (See Br. Supp. Pet'r Resp. Resp't Mot. Dismiss ("Pet'r Br.") at 4; Hr'g Tr. at 27.)  Obtaining a final determination from the Indiana Board on the substantive issue of whether Three Fountains West's property was owned, occupied, and used for charitable purposes during the 2010 tax year, however, would not be futile because it may curtail future litigation.  See Johnson v. Celebration Fireworks, Inc., 829 N.E.2d 979, 984 (Ind. 2005) (stating that to prevail on a claim of futility a litigant "'must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances'" (citation omitted)). Three Fountains West has also claimed that it would suffer irreparable financial harm if it had to exhaust its administrative remedies.  (See Pet'r Br. at 4.)  Nonetheless, Three Fountains West explained during the hearing that a subsequent agreement with the Assessor along with its potential eligibility for statutory interest has eliminated that harm.  (See Hr'g Tr. at 27-29.)

8

opportunity for the case to be resolved on grounds other than those currently before the Court. In addition, it conserves the Court's resources by allowing the Indiana Board to develop an adequate record for judicial review on the fact sensitive issue of whether Three Fountains West owned, occupied, and used its property for charitable purposes during the 2010 tax year. The Court therefore finds that Three Fountains West must exhaust its administrative remedies before the Court may address whether Indiana Code § 6-1.1-11-1 et seq. authorized the PTABOA's review and revocation of Three Fountains West's exemption for the 2010 tax year.

## CONCLUSION

In challenging the Indiana Board's interlocutory order, Three Fountains West's appeal falls into a class of cases that the Court does not have jurisdiction to hear. See Ispat Inland, 784 N.E.2d at 482. To the extent that Three Fountains West has not established that extraordinary circumstances excuse it from exhausting its administrative remedies, the Court hereby GRANTS the Assessor's Motion to Dismiss For Lack of Jurisdiction and REMANDS the matter to the Indiana Board for action consistent with this opinion.

SO ORDERED this 20th day of January 2015.

Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution:
James F. Beatty, Jessica L. Findley, Donald D. Levenhagen, Kathryn Merritt-Thrasher, Megan M. Piazza, John C. Slatten